**FUE CHUNG JIN, aka Fei Cheng Jin, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 07–3069–ag.

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wendtland, Assistant Director; Edward C. Durant, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Fue Chung Jin, a citizen of the People's Republic of China, seeks review of a June 22, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Fue Chung Jin,* No. A 72 763 811 (B.I.A. June 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

■ Here, the BIA accurately noted that it had dismissed Jin's appeal from the IJ's December 1994 decision in August 1995, and denied Jin's first motion to reopen in June 2001. The BIA also accurately noted that Jin's second motion to reopen—the denial of which is under review—was filed almost 12 years after it had dismissed his original appeal. Thus, the BIA did not abuse its discretion in finding that Jin's motion was untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2).

■ The BIA also properly found that Jin failed to establish that he qualified for an exception to the time and numerical limitations for motions to reopen. Jin did not demonstrate changed circumstances in China where he claimed that a change in law in the United States rendered him eligible for asylum. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Jin's argument that the family planning policy will now apply to him in a manner in which it did not apply before his wife gave birth to two children in the United States, and that such a difference amounts to a change in country conditions, is unavailing. Reframing his change in personal circumstances as though it were a change in country conditions in China does not make it a legitimate change in country conditions claim or otherwise bring Jin's motion within the exceptions for the time limitations for motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

■ The BIA also properly found that the country conditions evidence proffered by Jin was inadequate to show changed circumstances sufficient to warrant reopening his proceedings. Jin submitted in support of his motion, *inter alia,* a statement from the Administrative Office of the National Population and Family Planning Committee concerning the Population and Family Planning Regulations of Fujian Province, dated March 2006, indicating that a Chinese national by the name of

"Zheng, Yu Ye," who had children born abroad could be subjected to the family planning laws, and that those births could be considered "illegal." Jin also submitted a document from ChangLe City, Fujian Province, which states, "One child, IUD insertion; two children; sterilization." However, Jin failed to establish that any such violation on his part in Zhejiang, his native province, would result in forced sterilization.

Jin's past alleged difficulties with birth control officials related to his cousin's alleged family planning violation are not probative with respect to his claims of a well-founded fear of persecution based on his own family planning violation, where he failed to overcome the IJ's adverse credibility determination below. *See Kaur*, 413 F.3d at 234.

Inasmuch as Jin failed to demonstrate a change in country conditions in China to except him from the time and numerical limitations for the filing of motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii), the BIA's denial of Jin's motion was not an abuse of discretion, *see Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS petitioner's motion for a stay of removal as moot.